Austin B. Egan (13203)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: 801.758.7604
Fax: 801.893.3573
austin@stavroslaw.com
*Attorney for Jeannie Parker*

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JEANNIE PARKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC.,<br>an Illinois corporation,<br><br>Defendant. | **COMPLAINT**<br><br>JURY DEMAND<br><br>Case No. 2:19-cv-00045-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Jeannie Parker, by and through her attorney of record, brings this Complaint against Defendant United Airlines, Inc.

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA").

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Jeannie Parker ("Parker") is a resident of Salt Lake County, State of Utah.

3. Defendant United Airlines, Inc. ("United") is an Illinois Corporation with its

1

principal office located at 233 S. Wacker Dr., 14th Floor – HDQCT, Chicago, Illinois, 60606.

4. This Court has jurisdiction over Parker's claims asserted herein pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

5. The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah, which is within the jurisdiction of the U.S. District Court for the District of Utah, Central Division.

6. This action is properly brought in the District of Utah, Central Division, pursuant to 28 U.S.C. § 1391(b) because claims asserted herein arose in this judicial district. Accordingly, venue is proper pursuant to 28 U.S.C. §§ 125 and 1391.

## FACTUAL ALLEGATIONS

7. United is among the world's largest international passenger airlines.

8. In the 2017 and 2018 calendar years, United had 50 or more employees in Salt Lake County for no fewer than 20 workweeks in each year.

9. Ms. Parker was hired as an employee of Continental Airlines ("Continental") on or about May 30, 1992.

10. In 2014, Continental merged with and became part of United, and Ms. Parker became an employee of United.

11. In her over 21 years of employment with Continental, Parker worked in a variety of roles and capacities, including, but not limited to: Sales Reservation Agent, International Rewards Desk Agent, Support Desk Manager, Reservations Trainer, Team Leader (for Staff Reservations Agents), Electronic Support Desk Lead Agent, and Web Architect.

12. Ms. Parker was promoted multiple times during her employment with Continental.

13. After Continental's merger with United, Parker worked as an employee of United in Salt Lake County, and her job title was "Lead Remote Reservations Sales & Service Representative" (hereinafter referred to as "Representative").

14. As a Representative, Parker's duties and responsibilities included answering customer phone calls; assisting customers with various inquires and concerns related to flight reservations, flight schedules, and other aspects of United's business; and responding to online inquires and concerns submitted on United's website.

15. At all times relevant to this action, Parker performed her job duties and responsibilities in accordance with the terms of her employment, and Parker's performance as a Representative met or exceeded United's reasonable expectations.

16. At all times relevant to this action, Ms. Parker was a full-time employee of United, and worked approximately 40 hours or more each week from her home in Salt Lake County. Ms. Parker's base wage was $29.58/hour and she also received overtime pay, bonuses, retirement benefits, and other employment compensation.

17. Ms. Parker suffers from Convergence Insufficiency Disorder ("CID"), which causes Parker to experience: vision problems; difficulty reading, concentrating, and communicating; headaches; disorientation and other cognitive issues; and fatigue.

18. On or about November 7, 2017, Parker requested and was approved for intermittent leave time pursuant to the FMLA in connection with physical symptoms caused by her CID.

19. On multiple occasions spanning March 21, 2018 through June 17, 2018, Parker requested and was approved for FMLA leave time to provide hospice care for her father, who was suffering from cancer and undergoing chemotherapy.

20. Ms. Parker's father passed away on or about June 17, 2018, which caused Parker to experience emotional distress.

21. On multiple occasions spanning January 1 2018 through July 26, 2018, Parker requested and was approved for FMLA leave time for symptoms caused by her CID.

22. After Parker began taking FMLA leave time, United began actively searching for reasons to criticize her performance with the goal of terminating her employment.

23. United began subjecting Parker to heightened scrutiny of her job performance. United also began selectively monitoring Parker's calls and began falsely accusing Parker of "call avoidance." Importantly, United subjected Parker to more frequent call monitoring and evaluations of her performance than was implemented for Parker's comparator employees.

24. On or about July 6, 2018—shortly after Parker took leave time to care for her father and on the same day that Parker was making burial arrangements for her father—United approved the decision to suspend Parker from employment with pay.

25. On or about July 26, 2018, United placed Parker on suspension with pay.

26. On or about November 6, 2018, Parker attended United's "Internal Review Meeting" ("IRM"). The purpose of the IRM was to determine whether United would terminate Parker's employment.

27. During the IRM, Parker reiterated and emphasized that she had recently taken FMLA leave time for her CID and to provide care for her father. Parker also raised her concerns that she was being subjected to discrimination and retaliation for taking FMLA leave.

28. During the IRM, Parker demonstrated that United's allegations against her were inconsistent, overly vague, and even demonstrably false.

29. On or about December 4, 2018, United terminated Parker's employment.

## FIRST CAUSE OF ACTION
### Discrimination and Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)

30. Ms. Parker incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31. The FMLA, 29 U.S.C. § 2612, provides that an eligible employee is entitled to take up to twelve (12) workweeks of leave during a 12-month period because of the employee's serious health condition, or in order to provide care for the employee's spouse, child, or parent with a serious health condition.

32. An employee is eligible for leave under the FMLA after being employed during at least 12 months and having no fewer than 1,250 hours during such qualifying period.

33. FMLA, 29 U.S.C. § 2615(a)(2), prohibits an employer from discriminating and/or retaliating against an employee for taking FMLA leave or engaging in another protected activity.

34. At all times relevant to this action, Parker was an "eligible employee" as that term is defined in 29 U.S.C. § 2611.

35. At all times relevant to this action, Parker suffered from a "serious health condition," as that term is defined in 29 U.S.C. § 2611.

36. Parker's father suffered from a "serious health condition," as that term is defined

in 29 U.S.C. § 2611. Prior to her father's death, Parker provided "care" for her father, as that term is used in 29 U.S.C. § 2612 and defined in 29 C.F.R. § 825.124(a).

37. Ms. Parker engaged in protected activity by requesting and then taking FMLA leave time, as set forth herein.

38. By placing Parker on suspension and then terminating her employment, United discriminated and/or retaliated against Parker for requesting FMLA leave time and/or taking FMLA leave time.

39. United suspended Parker's employment because she requested and/or took leave time pursuant to the FMLA.

40. United terminated Parker's employment because she requested and/or took leave time pursuant to the FMLA.

41. United's decision to suspend Parker's employment was motivated by and causally related to Parker's exercise of her rights under the FMLA.

42. United's decision to terminate Parker's employment was motivated by and causally related to Parker's exercise of her rights under the FMLA.

43. United's suspension of Parker's employment amounted to unlawful discrimination and/or retaliation under the FMLA, 29 U.S.C. § 2615(a)(2).

44. United's termination of Parker's employment amounted to unlawful discrimination and/or retaliation under the FMLA, 29 U.S.C. § 2615(a)(2).

45. Pursuant to the FMLA, United is liable for all wages, salary, employee benefits, and other employment compensation Parker has lost due to United's violations of the FMLA, for liquidated damages in accordance with 29 U.S.C. § 2617(a)(1), interest on such losses, plus

reasonable costs and expert witness fees, attorney's fees, and such further and additional relief as the Court may order.

## SECOND CAUSE OF ACTION
### Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)

47. Ms. Parker incorporates the allegations in the preceding paragraphs as if fully set forth herein.

48. The FMLA, 29 U.S.C. § 2615(a)(1), prohibits employers from interfering with, restraining, or denying the exercise of or the attempt to exercise an employee's rights under the FMLA.

49. Under 29 CFR § 825.220(b), unlawful interference includes discouraging employees from taking or requesting FMLA leave, or any other action that deters an employee from participating in protected activity under the FMLA.

50. United's suspension of Parker's employment discouraged and deterred her from requesting or taking any further FMLA leave time.

51. United's termination of Parker's employment interfered with her right to take intermittent leave time for her CID.

52. United's suspension of Parker's employment amounted to unlawful interference in violation of 29 U.S.C. § 2615(a)(1).

53. United's termination of Parker's employment amounted to unlawful interference in violation of 29 U.S.C. § 2615(a)(1).

54. Pursuant to the FMLA, United is liable for all wages, salary, employee benefits, and other employment compensation Parker has lost due to United's violations of the FMLA, for liquidated damages in accordance with 29 U.S.C. § 2617(a)(1), interest on such losses, plus

reasonable costs and expert witness fees, attorney's fees, and such further and additional relief as the Court may order.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Parker demands a trial before a jury of her peers.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jeannie Parker requests judgment and relief against Defendant United Airlines, Inc. as follows:

(1) A judgment in Parker's favor and against United for violations of the FMLA;

(2) A judgment awarding Parker her lost wages, employee compensation, and other employment benefits lost as a result of United's acts and omissions, including front and back pay;

(3) A judgment awarding Parker liquidated damages for United's violations of the FMLA in accordance with 29 U.S.C. § 2617;

(4) A judgment awarding Parker punitive damages;

(5) A judgment awarding Parker her reasonable attorney's fees and court costs, including any expert witness fees;

(6) A judgment awarding Parker prejudgment and post-judgment interest at the highest lawful rates; and

(7) A judgment awarding Parker such further and additional legal or equitable relief as the Court deems appropriate.

Dated this 18th day of January, 2019.

                              STAVROS LAW P.C.

                              /s/ Austin B. Egan
                              Austin B. Egan
                              *Attorney for Jeannie Parker*